Date of Sentence : April 3, 1998 Date of Application : April 15, 1998 Date Application Filed : April 24, 1998 Date of Decision : May 25, 1999
Application for review of sentence imposed by Superior Court, Judicial District of Hartford.
Docket No. CR96-102376
 Jeremy Weingast. Esg., Defense Counsel for Petitioner John Malone. Esq., Assistant State's Attorney for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner was convicted after a Court trial of Risk of Injury to a minor and sentenced to a term of 10 years ESA three years with five years of probation.
On June 11, 1996, the victims' mother reported to the East Windsor Police that the defendant, Michael Barile, had sexually assaulted both her eleven- and seven-year-old daughters when they lived in the Broadbrook section of East Windsor. The mother's statement did not make clear in which town the alleged sexual abuse had occurred.
East Windsor officers were informed by Windsor Locks officers that DCF's lack of information was complicating the determination of the exact location of the alleged sexual abuse. East Windsor police ceased investigating at that point, due to the involvement of the Windsor Locks police.
On June 19, 1996, the victims' mother again contacted the East Windsor police indicating that one of her daughters disclosed that a sexual incident occurred when they lived in East Windsor. This disclosure was on a tape recording made by a CT Page 12198 therapist counseling the daughters. She further stated that the defendant had sexually assaulted the older victim and had physically abused the younger victim.
East Windsor police met with the mother and the victims on June 21, 1996. The older daughter stated at that time that the defendant, Michael Barile, her stepfather, had sexually abused her, but she could not recall the exact dates. She remembered being eight or nine years old at the time, roughly 1993 or 1994. She also related that the defendant would touch her vaginal area on a daily basis. On one occasion he stuck his hands down her pants. She never had sexual intercourse with him. She stated that Michael Barile continually threatened her to remain quiet or he would "kill her'. Sometimes he would slap her in the face with first open then closed hands. She recalled one incident where the defendant was angry with her for talking back to him, that he followed her into the shower. He slapped her across the face, but then she ran away from him. On other occasions he would lie with her in a bed with his arm around her, but without touching her private areas. He would also attempt to kiss her on the lips, but she refused. The defendant took pictures of the two victims while they were in the bath.
The seven-year-old victim did not recall any sexual abuse, but did state that Michael Barile had slammed her against the wall on one occasion when she did not clean the house to his satisfaction.
On July 15, 1996, the East Windsor Police received an audiotape and written documents from the victims' therapist, which corroborated the victims' statements to the police.
Michael Barile was arrested on July 30, 1996.
Petitioner's counsel argued that his client has now been incarcerated for one year. He has elderly parents and had no prior criminal history. He further argues that his client will be able to conform with the conditions of probation. The petitioner apologized to the victim's family as well as his own. He indicated that his elderly parents are in need of him and he is still close to his natural daughter and wishes to be a part of her life.
The state argues that these acts had a devastating effect upon the victim that had been an honor student. He argues that CT Page 12199 the victim lost her childhood. He further indicates that he believes the sentence was lement, but does not request an increase.
The Trial Court heard the testimony of this Court Trial and indicated", and at some point I think we need to take some kind of measures to show . . . these children that someone is watching out for them somewhere." It would seem that the actions of the petitioner clearly had a devastating effect on the fragile life of an adolescent. The petitioner as the stepfather certainly was not only in a position of trust with this family but had taken over the role of a parent and clearly breached that role and destroyed a family unit. The sentence was infinitely fair.
The Review Division can only reduce a sentence if it is disproportionate or unreasonable when reviewed pursuant to Practice Book § 43-28.
Under the circumstances of this case, the sentence is proportionate and reasonable. It is affirmed.
Frank A. Iannotti, J. Lawerence C. Klaczak, J. Thomas V. O'Keefe, J.
Iannotti, Klaczak and O'Keefe, J.s, participated in this decision.